UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDY ANTONIO MOORE,

      Plaintiff,

                              Case No. 8:26-cv-02317

GRADY JUDD, in his official capacity as
Sheriff of Polk County, POLK COUNTY
SHERIFF'S OFFICE, and MICHAEL
ALEXANDER PIENKOWSKI, individually
and in his official capacity,

      Defendants.

_____/

## COMPLAINT

Plaintiff, SANDY ANTONIO MOORE, by and through his undersigned attorney, hereby brings this civil action for damages against Defendants, complaining of the Defendants, GRADY JUDD, in his official capacity as Sheriff of Polk County, POLK COUNTY SHERIFF'S OFFICE, and MICHAEL ALEXANDER PIENKOWSKI, individually, and alleges and states as follows:

## INTRODUCTION

1.     This action arises out of Defendants' unnecessary use of excessive force against Plaintiff, Sandy Antonio Moore (hereinafter "Mr. Moore").

2.     Mr. Moore, alleges, without limitation, that Defendant, Michael Alexander Pienkowski (hereinafter "Deputy Pienkowski"), used excessive force when he assaulted and battered Mr. Moore at the Polk County Sheriff's Office Detention Center located at 7101 De Castro Road in Winter Haven, Florida.

3.     Deputy Pienkowski used excessive force when he threw Mr. Moore into a wall causing him to suffer a laceration and hematoma to his face and momentarily losing consciousness.

4.     Mr. Moore further alleges, without limitation, that Defendants, Deputy Pienkowski and Sheriff, Grady Judd (hereinafter "Sheriff Judd"), in his official capacity as Sheriff of Polk County, and the Polk County Sheriff's Office (hereinafter "PCSO") (collectively, "Supervisory Defendants") were direct supervisors of Deputy Pienkowski.

5.     Mr. Moore further alleges, without limitation, that Defendants, Sheriff Judd and PCSO, knew or reasonably should have known of, participated in, endorsed, condoned, and/or ratified the unconstitutional conduct of their subordinate, Deputy Pienkowski.

6.     Mr. Moore brings this action against Defendants pursuant to 42 U.S.C. § 1983 for the deprivation of his clearly established rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

7.     Mr. Moore also brings this action pursuant to *Monell v. Dep't of Soc. Svcs. of City of New York,* 436 U.S. 658 (1978).

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action is brought pursuant to 42 U.S.C. § 1983, to redress a violation of constitutional rights as set forth herein.

9. This Court has personal jurisdiction over Defendants and venue is proper in this Court under 28 U.S.C. § 1391(b)(1)-(2) because, upon information and belief, Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to Mr. Moore's claims occurred in this judicial district.

10. Mr. Moore seeks redress from all deputies named herein in both their official and individual capacities. Plaintiff alleges all deputies named herein were acting under and/or outside color of law and/or pursuant to the policies, customs, and/or usages of the PCSO.

**PARTIES**

11. Plaintiff, Sandy Antonio Moore, is a natural person residing in Winter Haven, Florida and resident of the State of Florida.

12. Defendant Polk County Sheriff's Office is a governmental entity organized and existing under the laws of the State of Florida, with its principal place of business located in Winter Haven, Polk County, Florida.

13. Defendant, Michael Alexander Pienkowski, is a natural person and, at all times relevant to this Complaint, was a detention deputy employed by the Polk County Sheriff's Office, acting under color of state law.

14. Defendant, Michael Alexander Pienkowski, resides in Polk County Florida.

15. Defendant, Sheriff Grady Judd, is sued in his official capacity as Sheriff of Polk County, Florida, and is the direct supervisor, policymaker, and final authority for the Polk County Sheriff's Office and its Detention Facility.

## FACTUAL ALLEGATIONS

16.    On August 10, 2024, Mr. Moore had his first appearance in the morning, was afforded bond and bonded out.

17.    After his initial appearance, Mr. Moore returned to the Annex to await processing and his release.

18.    Before his initial appearance and while awaiting his release, Mr. Moore was an inmate in the custody of the PCSO, detained at the Polk County Detention Center (jail) in Polk County, Florida.

19.    At approximately 8:15 p.m., on August 10, 2024, Deputy Pienkowski was performing his duties as a detention deputy at the Polk County Jail.

20.    At or around this time, Mr. Moore was awoken by PSCO staff and advised to proceed through the vestibule for processing in anticipation of his release.

21.    Deputy Pienkowski was pulling inmates for release when he encountered Mr. Moore in the jail vestibule.

22.    Mr. Moore stepped aside to speak with another inmate who had recognized him to seek Mr. Moore's assistance with contacting his family

23.    Deputy Pienkowski gave Mr. Moore verbal orders to stop and to continue moving through the vestibule.

24.    Mr. Moore complied and as he began to walk toward the cage attempted to tie his dreadlocks with a rubberband.

25.    Deputy Pienkowski repeated the command to move, for which Mr. Moore responded with colorful language.

26. Deputy Pienkowski countered with his own colorful language.

27. Mr. Moore continued to move through the cage and vestibule in compliance with Deputy Pienkowski's commands.

28. Without warning or physical provocation Deputy Pienkowski forcefully struck Mr. Moore from behind hurling him toward a concrete wall where Mr. Moore's head and face struck the wall causing him to momentarily black out and sustain a laceration and hematoma to his right cheek.

29. Deputy Pienkowski then handcuffed Mr. Moore and escorted him to a temporary holding area.

30. As a result of this incident, Mr. Moore sustained a hematoma under his right eye and a laceration.

31. A photograph was taken of Mr. Moore's injuries and attached to an incident report.

32. A nurse examined Mr. Moore and documented the hematoma under his right eye with laceration.

33. The nurse recommended that Mr. Moore be transported to an outside medical facility as the nurse station at the jail was not equipped to handle the care and treatment of the injury Mr. Moore sustained.

34. PCSO staff and Deputy Pienkowski determined that because Mr. Moore had already bonded out earlier that day Mr. Moore was no longer in PCSO custody. Other than cleaning the wound and placing sterile strips on the laceration, no other care was provided to Mr. Moore.

35. Mr. Moore was then processed and discharged from PCSO jail where his family awaited to transport him to Winter Haven hospital.

36. The force used by Deputy Pienkowski was excessive, unreasonable, and unnecessary under the circumstances.

37. Deputy Pienkowski struck Mr. Moore from behind thrusting him headfirst into a concrete wall, causing the hematoma and laceration to Mr. Moore's right eye area.

38. At all times relevant to this Complaint, Deputy Pienkowski was acting under color of state law in his capacity as a detention deputy for the Polk County Sheriff's Office.

39. Mr. Moore submitted a formal complaint to the PCSO within two weeks of the incident. However, no action was taken by PCSO and or Sheriff Judd.

40. At the time of the incident, Mr. Moore was unarmed and posed no imminent threat of serious physical harm to Deputy Pienkowski or any other person.

41. The Polk County Sheriff's Office, through its policymakers including Sheriff Judd, has maintained, encouraged, and acquiesced to a widespread and persistent unconstitutional custom, practice, and policy of using excessive force against inmates.

42. The Polk County Sheriff's Office has failed to adequately train, supervise, and discipline its detention deputies regarding the appropriate and constitutional use of force against inmates.

43. The Polk County Sheriff's Office's failure to train and supervise its deputies regarding the use of force amounts to deliberate indifference to the constitutional rights of inmates, including Mr. Moore.

44. The Polk County Sheriff's Office has been aware of numerous prior incidents of excessive force by its detention deputies against inmates, yet has failed to take adequate corrective action.

45. The inadequate training, supervision, and policies of the Polk County Sheriff's Office directly caused Deputy Pienkowski to use excessive force against Mr. Moore.

46. As a direct and proximate result of Defendants' actions, Plaintiff, Sandy Moore, suffered physical injuries, pain and suffering, emotional distress, and humiliation.

## COUNT I — EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983

47. Mr. Moore realleges and incorporates by reference paragraphs 1 through 46.

48. At all times relevant to this Complaint, Mr. Moore was a detainee in the custody of the Polk County Sheriff's Office.

49. Deputy Pienkowski's use of force against Mr. Moore was objectively unreasonable under the circumstances.

50. Mr. Moore posed no imminent threat of serious physical harm to Deputy Pienkowski or any other person at the time Deputy Pienkowski used force against him.

51.     The force used by Deputy Pienkowski was not necessary to maintain or restore discipline and was not applied in a good-faith effort to maintain or restore discipline.

52.     Deputy Pienkowski struck Mr. Moore from behind hurling him forward and causing his head and face to strike the concrete wall, causing a hematoma and a laceration under his right eye.

53.     Deputy Pienkowski's conduct violated Mr. Moore's clearly established constitutional rights under the Fourth and Fourteenth Amendments to be free from excessive force.

54.     Deputy Pienkowski acted with deliberate indifference to Mr. Moore's constitutional rights.

55.     As a direct and proximate result of Deputy Pienkowski's excessive use of force, Mr. Moore suffered physical injuries, pain and suffering, emotional distress, medical expenses, and other damages.

### COUNT II — MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 (UNCONSTITUTIONAL CUSTOM OR POLICY)

56.     Mr. Moore realleges and incorporates by reference paragraphs 1 through 46.

57.     The PCSO, through its policymakers including Sheriff Judd, has maintained, encouraged, and acquiesced to a widespread and persistent unconstitutional custom, practice, and policy of permitting detention deputies to use excessive force against inmates.

58.     This custom, practice, and policy is so widespread and persistent as to constitute a de facto policy of the PCSO.

59.     The PCSO's policymakers, including Sheriff Judd, were aware of this unconstitutional custom and practice and deliberately chose to acquiesce to it.

60.     The unconstitutional custom and policy of permitting excessive force against inmates was the moving force behind the constitutional violation suffered by Mr. Moore.

61.     The PCSO's unconstitutional custom and policy directly caused Deputy Pienkowski to use excessive force against Mr. Moore.

62.     As a direct and proximate result of the PCSO's unconstitutional custom and policy, Mr. Moore suffered physical injuries, pain and suffering, emotional distress, medical expenses, and other damages.

## COUNT III — MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 (FAILURE TO TRAIN AND SUPERVISE)

63.     Mr. Moore realleges and incorporates by reference paragraphs 1 through 46.

64.     The PCSO, through its policymakers including Sheriff Judd, has failed to adequately train and supervise its detention deputies regarding the appropriate and constitutional use of force against inmates.

65.     The PCSO's failure to train and supervise its deputies was deliberate and constitutes deliberate indifference to the constitutional rights of inmates, including Mr. Moore.

66.    The need for training and supervision regarding the constitutional use of force was obvious and clearly necessary given the duties of detention deputies and their frequent interactions with inmates.

67.    The PCSO's policymakers, including Sheriff Judd, were aware of prior incidents of excessive force by detention deputies against inmates, yet failed to implement adequate training and supervision to prevent such constitutional violations.

68.    The inadequate training and supervision provided by the PCSO directly caused Deputy Pienkowski to use excessive force against Mr. Moore in violation of Mr. Moore's constitutional rights.

69.    The PCSO's failure to train and supervise was the moving force behind the constitutional violation suffered by Mr. Moore.

70.    As a direct and proximate result of the PCSO's failure to train and supervise its deputies, Mr. Moore suffered physical injuries, pain and suffering, emotional distress, medical expenses, and other damages.

## JURY DEMAND

Plaintiff, Sandy Antonio Moore, demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sandy Antonio Moore, respectfully requests that this Court enter judgment in his favor and against Defendants, and award the following relief:

A.     That Plaintiff, Sandy Antonio Moore, recovers for his pain and suffering, past and future medical expenses, loss of earning capacity, and all other claims;

B.     That Plaintiff, Sandy Antonio Moore, recovers for all compensatory and consequential damages available under Florida and/or federal law in an amount to be determined by a jury in excess of this Court's jurisdictional amount, including past and future medical care and other economic and non-economic harm to be determined at trial;

C.     That Plaintiff, Sandy Antonio Moore, receives all equitable relief, including, without limitation, that PCSO and Sheriff Judd be made to adopt an appropriate policy to prevent future instances of the type of misconduct described herein; and

D.     That Plaintiff, Sandy Antonio Moore, receives all attorney's fees per Florida law and/or federal law, i.e. Title 42 U.S.C. § 1988, as well as the costs or interest accrued as a result of this action and any other costs that may be associated with this action; and

E.     That Plaintiff, Sandy Antonio Moore, receives any and all other relief that this Court deems equitable, just, and proper.

Respectfully submitted,

/s/ Ali Kamalzadeh
Ali Kamalzadeh, Esq.
Florida Bar No. 115995
Kamalzadeh Law, PLLC
300 Ronald Reagan Blvd., Suite 205
Longwood, Florida 32750
Main:     407-550-1510
Direct:    407-579-0278
Facsimile:      407-278-0185
Eservice: AKpleadings@aliklaw.com